FILED
APR 2 5 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MR. NATHAN LEE REESE
PETITIONER

vs.

UNITED STATES OF AMERICA
PLAINTIFF

CIVIL CASE NO: 95-CR-0427-H
CRIMINAL CASE NO:95-CR-0427-H

ORDER REGARDING
AMENDED SENTENCING
GUIDELINES

COME NOW THE PETITIONER, MR NATHAN LEE REESE, PRO-SE BRINGING THIS MOTION PURSUANT TO THE LAWS CONCERNING PRO-SE LITIGATION AS STATED IN HAINES VS. KERNER, 404 U.S. 519,520,30L.ED. 2D.65,92 S.CT.594(1974). ALL MISSTATED CASE CITING ERRORS, AND ADMISSIONS SHOULD BE LITERALLY CONSTRUED, AS PETITIONER IS NOT A LICENSED, SKILLED, NOR EDUCATED ATTORNEY.

PETITIONER MOVES UNDER TRUST RESULTING FROM THE ACT OF IMPRISONMENT OR ANY RESTRAINT ON LIBERTY WHERE IN CUSTODIAN IS TRUSTEE OVER THE ATTACHED. TRUSTEE MUST BE ABLE TO PROVE EACH AND EVERY ACT VALID, IN ACCORDANCE WITH THE LAW. THIS MOTION IS A DIRECT ATTACK ON POWER CLAIMED BY CUSTODIANS.

THIS COURT HAVING VENUE OVER THE PETITIONER, JURISDICATION OVER THE SUBJECT MATTER, UNDER ITS POWER TO ADMINISTOR JUSTICE MUST MOVE QUICKLY TO SETTLE THE CONTROVERSY RAISED. THE INTEGRITY OF THE LEGAL SYSTEM REST ON ITS FAIR APPLICATION OF

STATEMENTS UNDER THE PROCEDURE OFFERED BY THE COURTS. PETITIONER SEEKS FAIR AND JUST APPLICATION ON THE WORDS OF 2 CONGRESS WHICH LIMIT THE TYPE OF SENTENCES AVAILABLE TO THE U.S WHICH ENTITLES PETITIONER TO REVIEW RESPNDENTS ADMINISTATION OF SENTENCE.

ONE OF THE MOST IMPORTANT LIMITS LAID OUT IN THE FEDERAL CONSTITUTION IS SEPARATION OF POWER, IN OTHER WORDS NO BRANCH SINGURLARLY OR COLLECTIVELY MAY ENCROACH ON ANOTHER BRANCH'S POWER, THE COURTS ARE TO DECLARE THE LAW, COURTS HOLD NO POWER TO MAKE LAW OR EXECUTE LAW. THESE FUNCTION ARE LEGISLATIVE BRANCH, IN MAKING LAW ARE ABSOLUTELY BARREN FROM REMOVING JUDICIAL POWERS THROUGH THE LAW IT PROMULGATES, JUST AS THE EXECUTIVE BRANCH, US DOJ AND ALL ITS PIECES ARE BARRED ABSOLUTELY FROM ISSUING JUDICIAL ORDERS, THE JUDICIAL IS BARRED FROM ACTING ON ITS OWN ORDERS WHICH MUST BE EXECUTED EXCLUSIVELY BY THE EXECUTIVE.

NOW WE COME TO THE CRUX OF THE ISSUE. THE PRE-SENTENCE REPORT IS PREPARED BY THE UNITED STATED PROBATION OFFICER, A DIVISION OF THE COURT PROBATION IS A SENTENCE SERVED UNDER COURT CONDITIONS WITHOUT IMPRISONMENT, PROBATION IS A SENTENCE IN AND OF ITSELF, PAROLE IN CRIMINAL LAW IS A CONDITION OR CONDITIONS . RELEASED FROM IMPRISONMENT EXECUTED INSIDE PRISON IF ALL THE TERMS AND CONDITIONS. WITH THE PERSON

RELEASED SATISFACTORILY COMPLYING WITH THE CONDITIONS A PRISON SENTENCE OF TEN YEARS MAY SERVED IN ANY MANNER SET BY LAW. AS SEEN ABOVE , THESE ARE TWO DISTINCTLY DIFFERENT KINDS OF PUNISHMENT, SUPERVISED RELEASE IS **NOT LISTED** IN THE LAW DICTIONARIES, AS ARE PROBATION AND PAROLE. THIS FACT BY ITSELF TELLS US IT A DIFFERENT KIND OF SENTENCE.

DOUBLE JEOPARDY IS BANNED BY THE FIFTH AMENDMENT. "NO PERSON SHALL BE A SUBJECT FOR THE SAME OFFENSE TO BE TWICE IN JEOPARDY OF LIFE AND LIMB". THE KEY IS TO UNDERSTAND THAT A SENTENCING HEARING IS A TRIAL. THE FINDING OF GUILTY BY JUROR OR A PLEA TO THE CHARGE IS ABSOLUTELY LIMITED TO THE CHARGED FACTORS CRIMINAL CODE VIOLATIONS LIST A PENALY OF FINE OR IMPRISONMENT, SOME HAVE A FINE AND/OR IMPRISONMENT. THERE ARE NO STATUES REGARDING SUPERVISED RELEASE AS A FORM OF PUNISHMENT. THIS IS SIMPLE BECAUSE IT'S A SECOND KIND OF PUNISHMENT.

THE FOUNDATION OF THIS MOTION IS SIMPLE LOGIC APPLIED TO THE FACT THAT SUPERVISED RELEASE IS ATTACHED AFTER A CONVICTION. CARRYING PUNISHMENT DETAINED AND LIMITED BY STATUE. THE CHARGING STATUTE OR CODE CARRIES ONE SET OF PENALTIES WHEN THE RULES CHANGE TO ANOTHER STATUE, THE USSG. THIS CHANGES FROM CRIMINAL STATUE TO CIVIL STATUE AND SETS THE STAGE FOR HABIS CORPUS APPLICATION TO TEST THE LEGALITY OF THE

NEW KIND OF SENTENCE TO THE PUNISHMENT AFTER THE OFFENSE CONDUCT HAS BEEN FOUND.

AT THIS POINT A PERSON IS SUBJECT TO A NEW SENTENCING STATUE OR PUBLIC LAWS CHARGES UNDER THE CRIMINAL CHARGES, ANOTHER UNDER THE SENTENCING ACCUSATION. A SEPARATE SET OF STATUES. ASSESSMENTS ON THE CONDUCT GUIDING THE WHOLE CLAIM AGAINST A PERSON. DOUBLE JEOPARY, AS DEFINED ABOVE AND BELOW IS OBVIOUS TO ANY LAYMAN AT LAW AND IS KNOWN OR SHOULD BE KNOWN BY THE OFFICERS OF THE LAW.

THE ISSUE IN THE CHARGING OF AN AGGREGATED "SUPERVISED RELEASE" IS IN FACT THAT THE COURTS AGENT, THE PROBATION OFFICER MAKES. THE DOUBLE PENALTY HAS BEEN SET BY CONGRESS. CONGRESS IS BARRED BY ARTICLE ONE, SECTION NINE OF THE CONSTITUTION FROM TRANSGRESSING ON JUDICIAL FUNCTION AND DISCRETION THE SEPARATION OF POWERS PRINCIPLE, A FUNDAMENTAL CONSTRUCTION UNDER THE CONSTITUTION OF THE U.S.

**3556** ORDER OF RESTITUTION DOES NOT AUTHORIZE A SENTENCE OF SUPERVISED RELEASE THE (a)(1) SECTION REFERENCE **ONLY** TO A SENTENCE OF PROBATION. FINE OR IMPRISONMENT, SECTION 3563 CONDITIONS OF PROBATION DOES NOT REFERENCE TO SUPERVISED RELEASE.

THIS DOUCMENT IS ARGUED ONLY DUE TO THE FACT THAT AN ILLEGALLY OBTAINED SENTENCE TO IMPRISONMENT IS VOID AND

CANNOT BE EXECUTED BY ANY OFFICER OF THE U.S. ALL RIGHTS TO LITIGATION. A RIGHT TO PROTECT ONESELF, PROPERTY, LIBERTY ARE RESERVED UNDER THE FIRST AMENDMENT. REDRESS OF GRIEVANCE AGAINST THE GOVERNMENT AND THE NINTH AMENDMENT RESERVATION TO HOLD ALL PUBLIC HEARINGS TO THE HIGHER STANDARDS AND KNOWLEDGE OF THE LAW UNDELEGATED RIGHTS AND PRIVILEGES GUARANTEED BY THE CONSTITUTION, NO GOVERNMENT BRANCH CAN AUTHORIZE AN UNCONSTITUTIONAL ACT.

ALL OFFICIENTS IN RECEIPT OF THIS INSTRUMENT HOLD A POSITIVE SELF-EXECUTING DUTY TO ACT ON KNOWN ABUSE OF THE CONSTITUTUON, STATUES AND STATEMENTS IN THE U.S. CODE. BEING THAT THIS INSTRUMENT PRESENTS A COMPLAINT IN THE FORM OF A MEMORANDUM OF FACTS AND LAW EXPEDITIOUS REPORTING TO THE LEVEL OF GOVERNMENT REQUIRED TO FACILITATE CORRECTIVE ACTIONS IS MANDATORY AS AN OPERATION OF LAW.

PETITIONER IS REQUESTING COUNSEL BE APPOINTED FOR THE MATTER AT HAND.

*[signature: Matthew L. Reese]*
01711-112